# EXHIBIT A

# JUSTIN O'TOOLE LUCEY, PA
## ATTORNEYS AT LAW

Justin Lucey
Sallie P. Phelan
Joshua F. Evans
Stephanie D. Drawdy
Harper L. Todd

415 MILL STREET, MT. PLEASANT, SC 29464
PHONE: 843.849.8400 • FAX: 843.849.8406 • office@lucey-law.com

Reply to:
P.O. Box 806
Mt. Pleasant, SC 29465

March 15, 2011

**VIA US MAIL**
Charles T. Speth II, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1320 Main Street, Suite 600
Columbia, SC 29201

Re:   Craig Galeucia, et al v The West Paces Hotel Group, LLC, et al
        Case No.: 2011-CP-07-992

Dear Mr. Speth:

Thank you for agreeing to accept service on behalf of your clients, Owen. E. Dorsey, Individually, The West Paces Hotel Group, LLC, and WPHG Daufuskie Human Resources, LLC, in the above-referenced matter. Enclosed herewith for service upon you, please find enclosed three (3) copies of the Summons and Complaint, together with an Acceptance of Service. Please sign the Acceptance of Service and return the original to me in the enclosed self-addressed stamped envelope so that I may file the same with the Clerk's office.

If you have any questions or concerns, please do not hesitate to contact me.

With best regards, I remain,

Very truly yours,

Laura W. Knight

/lwk
Enclosures (stated)

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | |
| **COUNTY OF BEAUFORT** ) | |
| ) | |
| Craig Galeucia, ET AL. ) | **CIVIL ACTION COVERSHEET** |
| **Plaintiff(s)** ) | |
| ) | 2011 - CP - 07 992 |
| **vs.** ) | |
| ) | |
| The West Paces Hotel Group, LLC ) | |
| **Defendant(s)** ) | |

| (Please Print) | SC Bar #: | 15438 |
|---|---|---|
| Submitted By: Justin O'Toole Lucey, Esquire | Telephone #: | 843-849-8400 |
| Address: | Fax #: | 843-849-8406 |
| 415 Mill Street | Other: | |
| Mt. Pleasant, South Carolina 29464 | E-mail: | office@lucey-law.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
***If Action is Judgment/Settlement do not complete***

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☒ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20__ -CP-__ -__ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| **Inmate Petitions** | **Judgments/Settlements** | **Administrative Law/Relief** | **Appeals** |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured | ☐ Other (899) | ☐ Worker's Comp (960) |
| | Settlement Payment Rights | | ☐ Zoning Board (970) |
| | Application (760) | | |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |

| **Special/Complex /Other** | |
|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in |
| | an Out-of-County Action (660) |
| | ☐ Sexual Predator (510) |

☐ Other (999)

**Submitting Party Signature:** _[signature]_    **Date:   February 24, 2011**

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (01/2010)                                                    Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), Richland, Union and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA

COUNTY OF BEAUFORT

)
)
)

IN THE COURT OF COMMON PLEAS
FOURTEENTH JUDICIAL CIRCUIT
Case No. 2011-CP-_07-_992_

Craig Galeucia, Ron Gwyn, David
Habberstad, Michael Hathaway, Susan Jones,
Renee Kelly, Frank Le Donne, Edward F.
Miller, Cindi Moreno, Elizabeth J. Oliver,
Tai Richmond, Kerry Sturn, Walter Witter,
Corrin A. Askeland, Elaine Campbell-
Murray, Fiyona Donalds-Kennedy, Hazel
Grant, David Hock, Frederick Hull, victor
Kerr, James Kittrell, Leonard Lawton, Jon
Maiers, James Marston, Eric Overton, Joseph
Pelletier, Sharon Simmons, Christopher
Coyle, John Russell, Charles Webster, and
David Pagano,

Plaintiffs,

vs.

The West Paces Hotel Group, LLC; WPHG
Daufuskie Human Resources, LLC;
Daufuskie Island Properties, LLC; William
R. Dixon, Jr., Individually; Gayle Bulls
Dixon, Individually, and Owen E. Dorsey,
Individually,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**SUMMONS**
(Jury Trial Demanded)

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy

of which is herewith served upon you, and to serve a copy of your answer to said Complaint upon

the subscriber at his office at 415 Mill Street, Post Office Box 806, Mount Pleasant, South

Carolina within 30 days after the service hereof, exclusive of the day of such service, and if you

fail to answer within the prescribed time, a judgment by default will be rendered against you for

the amount or other remedy requested in the attached Complaint plus interest and costs.

*[Signature page to follow]*

STATE OF SOUTH CAROLINA    )  IN THE COURT OF COMMON PLEAS
    )  FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF BEAUFORT    )  Case No. 2011-CP-07-__992__

Craig Galeucia, Ron Gwyn, David   )
Habberstad, Michael Hathaway, Susan Jones, )
Renee Kelly, Frank Le Donne, Edward F. )
Miller, Cindi Moreno, Elizabeth J. Oliver, )
Tai Richmond, Kerry Sturn, Walter Witter, )      **COMPLAINT**
Corrin A. Askeland, Elaine Campbell- )    (Jury Trial Demanded)
Murray, Fiyona Donalds-Kennedy, Hazel )
Grant, David Hock, Frederick Hull, victor )
Kerr, James Kittrell, Leonard Lawton, John )
Maiers, James Marston, Eric Overton, Joseph )
Pelletier, Sharon Simmons, Christopher )
Coyle, John Russell, Charles Webster, and )
David Pagano,   )
  )
        Plaintiffs,   )
  )
vs.   )
  )
The West Paces Hotel Group, LLC; WPHG )
Daufuskie Human Resources, LLC; )
Daufuskie Island Properties, LLC; William )
R. Dixon, Jr., Individually; Gayle Bulls )
Dixon, individually, and Owen E. Dorsey, )
Individually,   )
  )
        Defendants.   )
  )

Plaintiffs, by and through their undersigned counsel, complaining of the Defendants, state

as follows:

### FOR A FIRST CAUSE OF ACTION
### (Failure to Pay Wages: Violation of S.C. Code § 41-10-10, et al.)

1.    Plaintiffs are former employees of the Defendants at all times relevant herein.

2.    Defendants operated Daufuskie Island Resort & Breathe Spa in the State of South

Carolina and at all times relevant hereto were the employers of the Plaintiffs.

3. As part of their compensation package with the Defendants, the Plaintiffs earned Paid Time Off ("PTO").

4. The Plaintiffs received an accounting of their total accrued PTO on their pay stubs each pay period.

5. The PTO was a term of employment set forth by the Defendants at the commencement of employment and confirmed on every pay stub thereafter.

6. Upon termination of employment of an individual employee, the Defendants were obligated to pay the employee the balance of their PTO hours at the employee's base hourly rate.

7. The Defendants have discharged Plaintiffs and failed to pay the Plaintiffs their accrued PTO.

8. The Defendants currently owe Plaintiffs compensation for unpaid PTO.

9. Defendants' failure to pay Plaintiffs their earned PTO was willful.

10. Pursuant to S.C. Code § 41-10-10, et al., Plaintiffs are entitled to judgment for the PTO compensation due as well as statutory treble damages, together with attorneys' fees and costs.

WHEREFORE, Plaintiffs pray for an award of actual and statutory damages for such sum as the trier of fact may find, an award of attorney's fees, costs, and prejudgment interest, and for such further relief as this Court deems just and proper; provided, however, in no event shall the award of damages exceed $74,999 per Plaintiff.

JUSTIN O'TOOLE LUCEY, P.A.

By:

Justin Lucey, Bar No. 5613
Stephanie Drawdy, Bar No. 9996
Post Office Box 806
Mount Pleasant, SC 29465
(843) 849-8400 phone
(843) 849-8406 fax

2

-   *and –*

HORTON LAW FIRM, LLC

By:  _____

Marshall L. Horton, Bar No. 10197
17 Lawton Street
Post Office Box 3766
Bluffton, South Carolina 29910
(843)757-6190 phone
(843)757-6191 fax

*Attorneys for Plaintiffs*

February 24, 2011
Charleston, South Carolina

3